UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CYNTHIA R., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-00827-SEB-TAB |
| | ) | |
| ANDREW M. SAUL Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION
ON PLAINTIFF'S BRIEF IN SUPPORT OF APPEAL**

**I.     Introduction**

Plaintiff appeals the Social Security Administration's denial of her application for

disability insurance benefits.  Plaintiff's sole argument on appeal is that the ALJ improperly

rejected the opinion of a consultative examining physician.  As explained below, the ALJ's

decision is supported by substantial evidence and provides a good explanation as to why the ALJ

did not adapt a portion of that physician's functional limitation recommendations.  Therefore,

Plaintiff's request for remand should be denied.

**II.     Background**

Plaintiff filed an application for a period of disability and disability insurance benefits.

The Social Security Administration denied her claim initially and upon reconsideration.  After a

hearing, the ALJ determined that Plaintiff was not disabled.

The ALJ considered Plaintiff's claim for benefits according to 20 C.F.R. § 404.1520(a).

First, the ALJ found Plaintiff met the insured status requirements of the Social Security Act

through December 31, 2017.  Subsequently, at step one, the ALJ determined that Plaintiff had

not engaged in substantial gainful activity since the alleged onset date.  At step two, the ALJ found that Plaintiff has the following severe impairments: osteoarthritis and allied disorders and organic mental disorder.  The ALJ noted that these impairments significantly limit the ability to perform basic work activities as required by SSR 85-28.

At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.  Before reaching step four, the ALJ found that Plaintiff had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b), except:

> [Plaintiff] can lift twenty pounds occasionally and lift and carry ten pounds frequently.  She can stand and/or walk six hours each and sit for six hours in an eight-hour workday.  She can occasionally climb ramps and stairs, but cannot climb ladders, ropes, or scaffolds.  She can occasionally balance on a level surface.  She can occasionally stoop, kneel, crouch, and crawl.  Lastly, she can understand, remember, and carry out simple, routine, and repetitive tasks with little to no workplace changes.

[Filing No. 5-2, at ECF p. 28.]

Next, at step four, the ALJ determined that Plaintiff could perform past relevant work as a housekeeper/cleaner because this work does not require the performance of work-related activities that are precluded by Plaintiff's residual functional capacity.  [Filing No. 5-2, at ECF p. 31.]  The ALJ concluded that Plaintiff was not disabled.

### III.    Discussion

Plaintiff broadly argues that the ALJ erred as a matter of law in determining that she is not entitled to Social Security benefits and that the ALJ's decision is not supported by substantial evidence.  [Filing No. 8, at ECF p. 1.]  The Court reviews the ALJ's decision to determine whether the factual findings in the decision are supported by substantial evidence.  *See, e.g., Biestek v. Berryhill*, __ U.S. __, __, 139 S. Ct. 1148, 1153 (2019) ("On judicial review, an ALJ's factual findings . . . shall be conclusive if supported by substantial evidence."  (Internal quotation marks omitted).  "The court is not to reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its judgment for that of the Commissioner.  Where substantial evidence supports the ALJ's disability determination, we must affirm the decision even if reasonable minds could differ concerning whether the claimant is disabled."  *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019) (internal citations, quotation marks, and brackets omitted).

Specifically, Plaintiff contends that the ALJ improperly rejected the opinion of examining physician Gregory M. French, MD.  [Filing No. 8, at ECF p. 6.]  Plaintiff notes that Dr. French opined that Plaintiff could sit for 30 minutes, stand for 15 minutes, and walk for 15 minutes at one time without interruption and could sit, stand, or walk for a total of two hours each in an eight-hour workday.  [Filing No. 8, at ECF P. 7.]  The ALJ, by contrast, concluded that Plaintiff could stand and/or walk for six hours each and sit for six hours in an eight-hour workday.  [Filing No. 5-2, at ECF p. 28.]

However, the ALJ's decision directly referenced Dr. French's examination of Plaintiff and stated:

> At a consultative examination in 2014 with Dr. French, [Plaintiff] had decreased range of motion in the left knee with inability to extend it, otherwise range of motion was normal in all other areas and straight leg raise was negative. Moreover, she had normal, steady sustained gait, and was able to heel/toe tandem

walk and squat without limitations.  She was noted to have moderate osteoarthritis of the bilateral hands POP/DIP joints with positive Tinel' and Phalen's tests, however she had full grip strength without tremors and was able to zip, button, and manipulate coins with both hands (Ex. B5F).  She was examined again in July 2015 with Dr. French, and at this exam she limped, but otherwise her gait was steady and sustained without need for assistive device, and she had ability to heel/toe, tandem walk and squat with no limitations and range of motion was normal in all areas.  She was also noted to have moderate deformity in the MCP joints and positive Tinel and Phalen signs, but no synovitis, and bilateral handgrip was equal and strong, again with ability to zip, button and coin manipulate (Ex. B6F).  Dr. French assessed left and right knee pain and bilateral wrist/hand pain with positive Tinel' and Phalen', possibly carpal tunnel, and concluded that the claimant was able to sit, walk, and stand, non-prolonged and able to lift and carry less than twenty pounds (Ex. B5F/2; Ex. B6F/2).  The record does not show any treatment beyond 2014.

[Filing No. 5-2, at ECF p. 29.]

The ALJ also described Dr. French's recommendations regarding Plaintiff's functional limitations:

As to [Plaintiff]'s functional limitations, the record contains a medical source statement dated November 2014 from Dr. French who indicated that the claimant would be limited to a reduced light exertional level with limits of sitting, standing and walking two hours each total in an eight-hour workday due to left knee pain and reduced range of motion.  He also assessed manipulative restrictions (Ex. B4F).  Dr. French's opinion is given some weight as to the reduced light exertion, however his limit to walking, standing and sitting, in addition to manipulative limitations are unsupported by substantial evidence.  In particularly [sic], his own exams of [Plaintiff] which showed normal range of motion, steady gait and full grip strength (Ex. B5F; Ex. B6F).

[Filing No. 5-2, at ECF p. 30.]

Plaintiff relies on *Beardsley v. Colvin*, 758 F.3d 834, 839 (7th Cir. 2014), for the proposition that an ALJ must provide a "good explanation" for rejecting or discounting the opinion of an examining physician.  *See id.* ("But rejecting or discounting the opinion of the agency's own examining physician that the claimant is disabled, as happened here, can be expected to cause a reviewing court to take notice and await a good explanation for this unusual

step.").  Thus, Plaintiff argues that the ALJ in this case failed to provide a valid explanation for rejecting Dr. French's opinion.

Plaintiff, however, ignores the two sentences of the *Beardsley* opinion preceding this one, in which the 7th Circuit stated:

> As a general rule, an ALJ is not required to credit the agency's examining physician in the face of a contrary opinion from a later reviewer or other compelling evidence.  Not even the claimant's treating physician, who presumably is the expert most familiar with the claimant's condition, is given such complete deference.

*Id.*  Moreover, to the extent that the ALJ needed to provide a good explanation for discounting Dr. French's opinion, she did so.  The ALJ noted that Dr. French's opinion was given "some weight as to the reduced light exertion," but his functional limitation recommendations were unsupported by substantial evidence, including his own exams of Plaintiff.  [Filing No. 5-2, at ECF p. 30.]  In addition, the ALJ noted that the record contained no treatment records beyond 2014.  Furthermore, Plaintiff denied taking prescription medications for pain.  Instead, she only took Advil and reported that it provided her some relief.  [Filing No. 5-2, at ECF p. 46-47.]

Plaintiff contends that the ALJ's decision is inconsistent because the ALJ cited evidence that Plaintiff's range of motion was decreased in her right knee while also discounting Dr. French's opinion because his own examinations of Plaintiff showed normal range of motion, steady gait, and full grip strength.  [Filing No. 8, at ECF p. 8.]  But the ALJ's decision accurately summarizes Dr. French's findings.  Dr. French's examination notes stated that Plaintiff had "[n]ormal steady, sustained gait, normal station.  Able to walk on heels, toes, tandem walk and squat without limitation.  LT knee with decreased [range of motion]; otherwise, range of motion within normal limits."  [Filing No. 5-8, at ECF p. 75.]  The ALJ's decision does not distort Dr. French's opinion.  Rather, Dr. French's observations and examination notes did not support his

functional limitation recommendations.  Dr. French's notes indicated Plaintiff had a normal range of motion, stead gait, and full grip strength, which contradicted his very restrictive recommendations as to Plaintiff's ability to sit, stand, or walk.

Plaintiff further claims that the ALJ's decision is inconsistent because of the ALJ's reference to a moderate deformity in Plaintiff's MCP joints and positive Tinel's and Phalen's tests.  [Filing No. 8, at ECF P. 8.]  Plaintiff argues that "[a]ccepting Dr. French's opinion leads to a finding of disability."  [Filing No. 8, at ECF p. 9.]  However, as the Commissioner notes, Plaintiff mistakenly conflates a diagnosis with functional limitations.  [Filing No. 10, at ECF p. 10.]  Plaintiff cites no medical source—other than Dr. French—concluding that Plaintiff had any additional work-related limitations due to these diagnoses or beyond the limitations the ALJ put in place.  And as explained above, the ALJ provided an adequate explanation as to why she discounted Dr. French's opinion.

Additionally, the ALJ gave significant weight to the opinions of the state disability determination medical professionals because "their conclusions regarding the nature and severity of [Plaintiff's] impairments, that [Plaintiff] can perform light exertional work with postural restrictions, are deemed expert opinion evidence from a non-examining source."  [Filing No. 5-2, at ECF p. 31.]  Both initially and upon reconsideration, the state disability determination physicians found Plaintiff could stand and/or walk about six hours in an eight-hour workday, and similarly that Plaintiff could sit about six hours in an eight-hour workday.  [Filing No. 5-3, at ECF p. 9, 23.]  These are the same postural limitations the ALJ ultimately included in the RFC determination.  The ALJ found the state agency physicians' opinions to be more consistent with the record as a whole than Dr. French's.  It is not the role of the Court to re-weigh the evidence. *See, e.g., Summers v. Berryhill*, 864 F.3d 523, 526 (7th Cir. 2017) ("Our review is deferential;

we will not reweigh the evidence or substitute our judgment for that of the ALJ."). Accordingly, the ALJ's decision is supported by substantial evidence and provides an adequate explanation as to why the ALJ rejected part of Dr. French's opinion.

**IV.    Conclusion**

In sum, the ALJ provided adequate reasoning for rejecting a portion of Dr. French's opinion, as Dr. French's findings were inconsistent with his recommendations. In addition, the record evidence and additional medical opinions support the ALJ's findings. Accordingly, the Magistrate Judge recommends that Plaintiff's brief in support of appeal and request for remand be denied. [Filing No. 8.]

Any objection to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1). Failure to file timely objections within fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure.

Date: 12/10/2019

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email